# IN THE COURT OF APPEALS OF IOWA

No. 16-1069
Filed March 8, 2017

CYRUS F. SARVESTANEY,
　　　Plaintiff-Appellant,

vs.

THOMAS TALLMAN and AMY TALLMAN,
　　　Defendants-Appellees.
_____

　　　Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.


　　　Plaintiff appeals the district court decision denying his request to set aside

a settlement agreement in his tort action against defendants. **AFFIRMED.**


　　　Cyrus F. Sarvestaney, Davenport, appellant pro se.

　　　Kelly W. Otto, West Des Moines, for appellees.


　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**PER CURIAM.**

Cyrus Sarvestaney appeals the district court decision denying his request to set aside a settlement agreement in his tort action against defendants. We find Sarvestaney has not raised adequate grounds to support his position, and we note he agreed, on the record, to the terms of the settlement. We affirm the decision of the district court denying Sarvestaney's motion to set aside the settlement agreement.

### I. Background Facts & Proceedings

Sarvestaney was involved in a motor vehicle accident with a vehicle driven by Amy Tallman. On July 15, 2015, Sarvestaney filed a tort action against Amy and Thomas Tallman alleging the accident was caused by Amy's negligence. The Tallmans denied liability and raised an affirmative defense alleging Sarvestaney was at fault.

On April 7, 2016, Sarvestaney's counsel, Jenna Green, filed a motion to withdraw, stating there had been a breakdown of the attorney-client relationship and asking for a continuance. Sarvestaney resisted the motion, pointing out the matter had been pending for several months and stating he did not want to further delay resolution of the case. The motion to withdraw was denied because it did not comport with a local rule. Green filed a revised motion to withdraw on April 12, 2016.

Prior to the ruling on the revised motion, the parties had a settlement conference on April 15, 2016, with Green representing Sarvestaney. The parties entered into a settlement agreement in which Sarvestaney would be paid $6500 and he would sign a release of his claims against the Tallmans. The following

statements were made on the record before the court to memorialize the settlement agreement:

> THE COURT: Okay. Have I accurately recited the settlement to everyone's satisfaction?
> DEFENDANTS' COUNSEL: Yes, your Honor.
> SARVESTANEY: Yes, your Honor.
> THE COURT: Okay.
> PLAINTIFF'S COUNSEL: Yes, your Honor.
> THE COURT: Okay. Very good. Thank you. I consider this matter concluded. Thank you everybody for your time today. And I assume, of course, the customary release and dismissal with prejudice will be exchanged between counsel.

On May 8, 2016, Sarvestaney gave notice that Green's services were no longer needed. The court granted Green's motion to withdraw from representing Sarvestaney; thereafter he proceeded pro se.

Sarvestaney filed a motion on May 9, 2016, seeking to set aside the settlement agreement. He claimed Green did not represent his interests at the settlement conference, the settlement amount was "paltry" and did not cover his medical expenses from the motor vehicle accident, and the district court pressured him to accept the settlement agreement. Defendants resisted the motion to set aside the settlement agreement and asked the court to enforce the agreement.

After a hearing, the district court entered an order on May 23, 2016, denying the motion to set aside the settlement agreement. The court found, "There was no mistake of law or fact mutual to both parties, nor even unilateral to the plaintiff, that vitiates that settlement; and, no action on the part of plaintiff's counsel, Jenna Green, prior to or at the settlement conference vitiates that

settlement." The court granted defendants' motion to enforce the settlement agreement.

Sarvestaney filed a motion to reconsider on May 24, 2016. The court denied the motion, finding "no reason to deviate from the Court's prior ruling enforcing the settlement." The court also found no credible evidence the district court "took any action to coerce a settlement or in any manner acted inappropriately." The court noted Sarvestaney acknowledged his consent to the terms of the settlement agreement on the record. The court also denied Sarvestaney's second motion to reconsider, which raised the same issues previously denied by the court. Sarvestaney now appeals.

## II. Standard of Review

On issues concerning the enforcement of settlement agreements, we review for the correction of errors at law. *Strong v. Rothamel*, 523 N.W.2d 597, 600 (Iowa Ct. App. 1994). We consider whether the district court's factual findings are supported by substantial evidence. *Id.*

## III. Discussion

"The district court has authority to enforce settlement agreements made in a pending case." *Gilbride v. Trunnelle*, 620 N.W.2d 244, 249 (Iowa 2000). A settlement agreement is like a contract. *Phipps v. Winneshiek Cty.*, 593 N.W.2d 143, 146 (Iowa 1999). In this regard, similar to a contract, the agreement may be set aside on the grounds of fraud, misrepresentation, or concealment. *Id.* In order to set aside a settlement agreement, "a mistake must be mutual, material, and concerned with a present or past fact." *Wright v. Scott*, 410 N.W.2d 247, 249 (Iowa 1987) (citation omitted). "Voluntary settlements will not be disturbed

for ordinary mistakes of law." *Id.* Our supreme court has stated, "The typical settlement resolves uncertain claims and defenses, and the settlement obviates the necessity of further legal proceedings between the settling parties. We have long held that voluntary settlements of legal disputes should be encouraged, with the terms of settlements not inordinately scrutinized." *Id.*

Sarvestaney claims the settlement agreement should be set aside because Green did not adequately represent his interests at the settlement conference, he did not receive enough money in the settlement, and the district court was biased against him. Sarvestaney has not claimed there was fraud, misrepresentation, or concealment, or that there was a mutual mistake of fact or law. We determine Sarvestaney has not raised adequate grounds to support setting aside the settlement agreement. Furthermore, we note Sarvestaney agreed, on the record, to the terms of the settlement.

We affirm the decision of the district court denying Sarvestaney's motion to set aside the settlement agreement.

**AFFIRMED.**