Ohlquest v. Farwell & Co. et al.

---

OHLQUEST v. FARWELL & CO. ET AL.

1. **Attorney and Client**: LIMIT OF ATTORNEY'S AUTHORITY. While .an attorney cannot consent to a judgment against his client, nor waive any cause of action or defense in the case, nor settle or compromise it, without his special authority, yet he is authorized by his general employment to do all acts necessary or incidental to the prosecution or defense, which pertain to the *remedy* pursued. And, in the application of this rule, *held* that, where a client was a party to. two suits involving substantially the same question, it was competent for his attorney to bind him by an agreement that only one of the cases should be tried, and that the judgment resulting from such trial should determine the kind of judgment to be entered in the other case.

*Appeal from Linn District Court.*

THURSDAY, MARCH 10.

A MOTION by defendant Becker to vacate and set aside a judgment in this case against him, as well as the other defendants, was, by order of the district court, overruled. From that order he now appeals to this court.

*J. S. Stacy* and *J. C. Davis*, for appellants.

*Tenny, Bashford & Tenny* and *Herrick & Doxsee*, for appellees.

BECK, J.—I. The facts involved in this case are as follows: J. V. Farwell & Co., G. Becker, and another firm, brought actions by attachment in the district court of Jones

county against A. & P. Ohlquest. Two other actions by other firms were brought in the same court by attachment against Ohlquest Bros. The defendants in all of these actions were the same. They were doing business under the firm name of Ohlquest Bros., in both Jones and Linn counties. Writs of attachment were issued in the cases to the sheriffs of Jones and Linn counties, and levied upon separate stocks of goods found in each county; Farwell & Co.'s attachments being levied first in each county, Becker's second in Jones county, and last in Linn. Judgments were rendered in all of these actions, and such proceedings were had, after considerable litigation and delay, that Farwell & Co.'s and Becker's judgments were satisfied in full from the avails of the property attached.

N. A. Sunburg, claiming to own the goods seized in Jones county, brought an action against the sheriff to recover the value thereof. Farwell & Co. were finally substituted as defendants. N. A. Sunburg and F. B. Ohlquest, who claimed to own the goods seized in Linn county, brought an action for their value against the sheriff of that county, in which Farwell & Co., Becker, and other attaching creditors, were substituted as defendants. It thus appears that separate suits, one in Jones and the other in Linn county, having different parties both as defendants and plaintiffs, were pending for the recovery of the value of the goods which had been seized and sold upon the attachments, and the avails thereof appropriated to the satisfaction of Farwell & Co.'s and Becker's judgments. The issues in these cases involved the question whether the goods were the property of the Ohlquests, and whether the sales by them to the plaintiffs in these suits were valid or fraudulent, and therefore void. Herrick & Doxsee and E. Keeler were the attorneys for Farwell & Co., Becker, and some other attaching creditors, both in the attachment suits and in the actions against the parties brought to recover the value of the goods. The litigation in the suits last named was protracted and strongly contested

on both sides. A written agreement was finally entered into between the attorneys just mentioned, representing the parties we have named, and the attorneys on the other side, to the effect that the Jones county cases should be tried, and judgment should be entered in the Linn county case for plaintiff or defendant in accord with the verdict and judgment in the Jones county case; thus settling both cases by one trial. The judgment in Linn county, in case plaintiff recovered, was to be in proportion to the amount realized by the sale of the goods seized in that county. The trial was had in Jones county, and judgment was rendered for plaintiffs, which was affirmed in the supreme court. Thereupon the attorneys of the parties united in a stipulation authorizing judgment in the Linn county case pursuant to the agreement just referred to, which was accordingly entered. The defendant Becker filed his motion to set aside this judgment, on the ground that the agreement therefor by the attorneys representing him was made without his authority or consent. The motion was overruled. The correctness of this action is brought in question upon this appeal.

II. It is undoubtedly true that an attorney cannot consent to a judgment against his client, or waive any cause of action or defense in the case; neither can he settle or compromise it without special authority. But he is, by his general employment, authorized to do all acts necessary or incidental to the prosecution or defense which pertain to the remedy pursued. The choice of proceedings, the manner of trial, and the like, are all within the sphere of his general authority, and, as to these matters, his client is bound by his action. These rules are conceded by counsel in this case. It cannot be doubted that under them counsel for parties in several suits, involving the same issues, may, in the exercise of their general authority, consent to the consolidation of all for trial, or stipulate that the trial of one shall determine the others. This pertains to the remedy pursued,—to the manner of trial,—and is not an agreement for judgment or

a compromise. The parties are not deprived of a trial, nor is judgment rendered by consent. The counsel simply assent to a trial in a particular manner; that one trial shall settle the same issues in several cases. This is just what was done by counsel for Becker in this case. The form of the agreement is that judgment in his case should follow a trial in another action. This is not an agreement for a judgment, but in effect an agreement for a manner of trial. No question is presented in the case involving the skill, diligence, or good faith of Becker's attorneys in assenting to one trial in the several cases. The authority to do so is alone brought in question.

We need pursue the case no further. The familiar and undisputed principles we have stated, applied to the admitted facts in the case, demand that the judgment of the district court be

AFFIRMED.