ROBERT C. TIMMONS et al., appellees, v. JOHN B. HOLMES et ux., appellants.

No. 49370.

(Reported in 89 N.W.2d 371)

Robert E. Dreher, of Des Moines, for appellants.

Tesdell & Miller, of Des Moines, for appellees.

HAYS, J.—The petition alleged defendants were maintaining a dance studio in their home, in violation of the zoning ordinance of the City of Des Moines. A permanent injunction restraining such use was prayed. Charles F. Wasker, a duly licensed attorney at law, appeared for the defendants and filed a motion to dismiss and subject thereto for a more specific statement. These motions were submitted to the court on oral argument and written briefs. Both motions were overruled on February 16, 1957. On March 16, 1957, a decree granting relief as prayed for was entered in the case. There had been no further hearing before the court, or further pleading by the defendants. The decree bears the following endorsement, "Approved as to form. Hanrahan & Wasker, By Charles F. Wasker."

Thereafter Wasker withdrew from the case. Attorney Robert E. Dreher appeared for the defendants and on March 22, 1957, filed an application to set aside the decree and permit an answer to be filed. A hearing thereon was had and testimony taken. This application was overruled on May 13, 1957, and hence this appeal.

Defendants concede that Wasker was authorized to appear in the case for them but contend that he was not authorized to consent that a decree be filed.

I. Section 610.16, Code, 1954, provides, "An attorney and counselor has power to: * * *. 2. Bind his client to any agreement, in respect to any proceeding within the scope of his proper duties and powers; * * *."

In Ohlquest v. Farwell & Co., 71 Iowa 231, 233, 32 N.W. 277, 279, it is said, "It is undoubtedly true that an attorney cannot consent to a judgment against his client, or waive any cause of action or defense in the case; neither can he settle nor compromise it without special authority. But he is, by his general employment, authorized to do all acts necessary or incidental to the prosecution or defense which pertain to the remedy pursued. The choice of proceedings, the manner of trial, and the like, are all within the sphere of his general authority, and, as to these matters, his client is bound by his action."

See also Rhutasel v. Rule, 97 Iowa 20, 65 N.W. 1013; Shores Co. v. Iowa Chemical Co., 222 Iowa 347, 268 N.W. 581, 106 A. L. R. 198; State v. Benson, 247 Iowa 406, 72 N.W.2d 438; 5 Am. Jur., Attorneys at Law, sections 85 and 86; 7 C. J. S., Attorney and Client, sections 79, 80 and 81.

II. A judgment by consent is in substance a contract of record made by the parties and approved by the court. 49 C. J. S., Judgments, section 173. It is not a judicial determination of any litigated right. New York Central & H. R. R. Co. v. T. Stuart & Son Co., 260 Mass. 242, 157 N.E. 540; State ex rel. Paine v. Glover, 165 Wash. 567, 5 P.2d 1014; State v. Huebner, 230 Ind. 461, 104 N.E.2d 385.

In the case at bar, defendants' duly authorized attorney, in the exercise of his judgment and discretion, saw fit to act in the manner authorized under rule 104, R. C. P. By his motion to dismiss the trial court was required to make a judicial determination, which it did adverse to defendants. Again counsel was called upon to determine what step to take and, in the exercise of his discretion, elected to stand upon his original motion to dismiss which, of course, resulted in a decree against his clients. Such procedure is recognized and authorized under rule 86, R. C. P.

Appellants seem to rely heavily upon the fact that their then counsel approved the decree as to form, and contend that

it was thereby made a consent decree. We think this contention is definitely answered in Vaughan v. District Court of Jasper County (Iowa) N. O. R., 226 N.W. 49.

While we do not deem it to be determinative of the question, which is strictly a legal one, one phase of the record seems to refute appellants' claim that they were not consulted as to the case or advised of their rights by Attorney Wasker. Both appellants concede that Wasker advised them to the effect that the court would, or had, ruled against them, and the cost of an appeal to this court was discussed. It is also conceded that Mary Lou Holmes desired to have the injunction delayed until May 3, 1957, at which time a dancing class for children would terminate. This, Mr. Wasker said he would try to arrange. In the decree which was "Approved as to form" the figure "3" is inserted by pen in a blank space following the typed word "May" and before the figures "1957", thus designating "May 3, 1957" as the effective date of the injunction.

Fraud or bad faith upon the part of Mr. Wasker is not alleged and we find nothing in the record that even hints thereof. We are satisfied that what Mr. Wasker did was in good faith and well within the scope of his authority, and appellants are bound thereby.

The judgment of the trial court denying the application to set aside the decree is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.