George D. STARLIN, Plaintiff–Appellee,
Cross–Appellant.

v.

STATE of Iowa and Van R. Snyder,
Defendants–Appellants,
Cross–Appellees.

No. 88–104.

Court of Appeals of Iowa.

Oct. 24, 1989.

Robert Kohorst, of the Kohorst Law Firm, Harlan, Thomas J. Miller, Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for defendants-appellants, cross-appellees.

Jacques Schira and Nick Critelli, of Nick Critelli Associates, P.C., Des Moines, and Martin L. Fisher, Adair, for plaintiff-appellee, cross-appellant.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal by the defendants-appellants Van R. Snyder and the State of Iowa from a jury verdict rendered in favor of plaintiff-appellee George F. Starlin in his suit against the State and Snyder, based on Snyder's negligent operation of a motor vehicle owned by the State. Snyder, a state employee, was driving the car in the course of his employment with the State when the accident happened. Plaintiff alleged Snyder was negligent in turning his vehicle around over the crest of a hill and the acts of Snyder resulted in a collision between the Snyder vehicle and plaintiff's motorcycle and in injury and damage to plaintiff.

The jury found plaintiff was damaged in the amount of $624,000. The jury found twenty-two percent of the fault was the plaintiff's and seventy-eight percent was the defendants'. Judgment was entered against the defendants jointly and severally in the amount of $486,720, with interest, at the rate of ten percent per annum from the date of filing of the petition. A motion was filed to modify the judgment to allow for postjudgment interest only. The trial court sustained the motion, disallowing prejudgment interest.

Defendants appeal the judgment, alleging a series of errors. Plaintiff cross-appeals, contending the trial court should not have sustained the motion to disallow prejudgment interest. We affirm.

## I.

■ We first address defendants' contention the trial court should have enforced a settlement agreement. An attorney[1] hired to represent plaintiff on this claim, and attorney Robert Kohorst on behalf of defendants, agreed to settle plaintiff's claim for $20,000 cash to be paid by defendants. Plaintiff acknowledges his attorney agreed to the settlement. Plaintiff claims, however, he did not give the attorney the authority to agree to the settlement.

Defendant made a motion asking the court to enforce the settlement agreement. The trial court refused to enforce the settlement agreement. In doing so, the trial court made a finding the attorney did not have plaintiff's authority to settle.

The question is whether the attorney's agreement to settle for $20,000 was binding on plaintiff. The attorney had been hired to represent plaintiff on his claim against these defendants in this accident. The making of a settlement offer is an act generally within the scope of authority of an attorney handling personal injury litigation for a client.

District courts have authority to enforce settlement agreements. *See Wiltgen v. Hartford Accident & Indem. Co.,* 634 F.2d 398, 400 (8th Cir.1980); *Wright v. Scott,* 410 N.W.2d 247, 250 (Iowa 1987); *Cunningham v. Iowa–Illinois Gas & Elec. Co.,* 243 Iowa 1377, 1382, 55 N.W.2d 552, 554–55 (1952). Courts should support settlement agreements that amicably settle doubtful rights by the parties. *See Wright,* 410 N.W.2d at 250.

An attorney cannot settle or compromise a claim of his or her client without special authority. *Timmons v. Holmes,* 249 Iowa 888, 890, 89 N.W.2d 371, 372 (1958); *Ohlquest v. Farwell,* 71 Iowa 231, 233, 32 N.W. 277, 279 (1887). The trial court found the plaintiff did not consent to the offer of settlement. Consequently, the attorney was without authority to settle in his behalf. This distinguishes this case from *Wright,* in which the litigants, objecting to the enforcement of the settlement agreement, admitted they had agreed to settle. We affirm the trial court's refusal to enforce the settlement agreement.

## II.

■ Defendants allege error because the trial court did not allow them to admit a videotape of an experiment made outside

---

**1.** The attorney who represented plaintiff at trial was not the attorney who represented him in settlement negotiations.

the courtroom by a defendants' expert. The tape was made while the trial was in progress. On the fourth day of trial defendants' counsel produced an exhibit which was a videotape recording of a re-enactment of an out-of-court experiment conducted by defendants' accident reconstruction expert the prior evening. The exhibit consisted of an actor portraying the part of the plaintiff operating a motorcycle, allegedly in the same manner as the plaintiff and at the same location in question. It purported to show the actor's activities in attempting to brake the motorcycle and the distances covered during the actor's braking process. The trial court excluded the evidence as violative of previous court-imposed discovery deadlines.

Defendant contends this was experimental evidence concerning the braking distance of the motorcycle involved in the accident and was introduced for demonstrative purposes only. Defendant argues the plaintiff never requested videotapes in interrogatories, so their failure to disclose the tape was not a failure to comply with a discovery request. Defendants also contend the tape was made on the fourth day of trial but was made available to plaintiff the next day. The trial court did not address the foundational requirements for the admission of the tape. We do not infer by this opinion that those requirements were met. The trial court has ample discretion regarding discovery sanctions. *See Sullivan v. Chicago & N.W. Transp. Co.,* 326 N.W.2d 320, 324 (Iowa 1982); *Wernimont v. International Harvester Corp.,* 309 N.W.2d 137, 143 (Iowa App.1981). We find no abuse of discretion in the trial court's refusal to admit the videotape.

### III.

■ Defendants contend the trial court erred in not instructing the jury an award was not subject to income tax. This issue has been addressed and decided by the Iowa Supreme Court. *See Stover v. Lakeland Square Owners Ass'n,* 434 N.W.2d 866, 867–71 (Iowa 1989). Applying *Stover,* we find no error on this issue.

### IV.

■ Defendants also contend the trial court should have ordered a new trial because of jury misconduct. Defendants presented two juror affidavits describing what happened during deliberations. Iowa Rule of Evidence 606(b) concerns juror impeachment. The rule provides in part:

... [A] juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

In determining a juror's competence to testify to the jury deliberations, a distinction is drawn between inquiries into the internal workings of a jury and the external pressures brought to bear on the decision-making process. *State v. Christianson,* 337 N.W.2d 502, 504 (Iowa 1983); *Crowley v. Glessner,* 328 N.W.2d 513, 514 (Iowa 1983); *State v. Rouse,* 290 N.W.2d 911, 916 (Iowa 1980). The affidavits of the jurors did not evidence the substance of external pressure of extraneous prejudicial information or influence. The affidavits are not competent evidence. We affirm the trial court on this issue.

### V.

Defendants submit a series of other issues. We have fully considered these claims but find no basis for reversal on the issues raised.

### VI.

■ Plaintiff, on cross-appeal, contends the trial court erred in correcting the judgment so as to strike prejudgment interest.

The trial court determined prejudgment interest was not allowable because of Iowa Code section 25A.4. Section 25A.4 provides in relevant part:

> The state shall be liable in respect to such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, *except that the state shall not be liable for interest prior to judgment* or for punitive damages. (emphasis added)

Plaintiff contends he is not asking for interest from the State; he is only asking for interest from Snyder. Plaintiff contends he is entitled to prejudgment interest under Iowa Code section 535.3, which provides in relevant part, "The interest shall accrue from the date of the commencement of the action." Before 1980,[2] there was no statutory provision for award of prejudgment interest on tort claims. Plaintiff argues Snyder was sued in his individual capacity as a tortfeasor, not as an employee of the State, and the jury found Snyder to be negligent as a result of his acts and omissions. Plaintiff contends although the State was liable to plaintiff pursuant to Iowa Code section 321.493 (1983), chapter 25A of the Code refers to only the State's obligation to the victim and to the employee-tortfeasor. Plaintiff contends 25A does not limit the obligation of the tortfeasor to the injured plaintiff.

Plaintiff sued both Snyder and the State. Plaintiff's claim against the State was brought under chapter 25A. This act was adopted in 1965. Prior to that time a suit such as this against the State would have been prohibited by the doctrine of sovereign immunity. *Hansen v. State*, 298 N.W.2d 263, 265 (Iowa 1980); *Lloyd v. State*, 251 N.W.2d 551, 555 (Iowa 1977).

Plaintiff's claim against Snyder was not dependent upon the enactment of the tort claims act and would have existed prior to 1965. *See Johnson v. Baker*, 254 Iowa 1077, 120 N.W.2d 502 (1963). In *Johnson* the Iowa court reversed a decision finding a State highway patrolman immune from suit. The plaintiff claimed the patrolman was negligent in allegedly parking a patrol car in violation of an ordinance and that the illegal parking was a proximate cause of a subsequent vehicular accident. The court determined the plaintiff's allegation of misfeasance by officers, if true, was in violation of a duty they owed plaintiff. The court went on to say if otherwise engaged, they would be liable to plaintiff for damages alleged to be the result of their misfeasance, and public service should not be a shield to protect them from the consequences of their personal misconduct. *Johnson*, 254 Iowa at 1088, 120 N.W.2d at 508; *see also Moore v. Murphy*, 254 Iowa 969, 971, 119 N.W.2d 759, 760–61 (1963); *Shirkey v. Keokuk County*, 225 Iowa 1159, 1184–86, 281 N.W. 837, 840 (1938); *Montanick v. McMillin*, 225 Iowa 442, 458–59, 280 N.W. 608, 616, 617 (1938); *Rowley v. City of Cedar Rapids*, 203 Iowa 1245, 1253, 212 N.W. 158, 161 (1927); *Goold v. Saunders*, 196 Iowa 380, 384, 194 N.W. 227, 228 (1923). Plaintiff could have elected to sue Snyder personally, without joining the State, and recover interest from the date of filing. *See Speed v. Beurle*, 251 N.W.2d 217, 219 (Iowa 1977). Plaintiff did not so elect; rather, he chose to pursue a claim against the State and recover against it by utilizing the waiver of immunity granted by chapter 25A. The State could only be sued in tort in the manner and to the extent to which consent had been given by the legislature. *Hansen*, 298 N.W.2d at 265; *Lloyd*, 251 N.W.2d at 555. The Iowa Tort Claims Act sets the metes and bounds of the State's liability in tort. *Swanger v. State*, 445 N.W.2d 344, 349 (Iowa 1989). Iowa Code chapter 25A is a qualified waiver of sovereign immunity for tort claims against the State of Iowa. *See Balster v. State*, 360 N.W.2d 788, 789 (Iowa 1985); *Adam v. Mount Pleasant Bank & Trust Co.*, 340 N.W.2d 251, 252 (Iowa 1983); *Lloyd v. State*, 251 N.W.2d 551, 555 (Iowa 1977).

> [T]he intent of the legislature in enacting section 25A.4 was to treat the State dif-

---

**2.** Effective on January 1, 1981, Iowa Code section 535.3, dealing generally with interest on judgments and decrees, was amended. *See* 1980 Iowa Acts ch. 1170.

ferently from individuals in this respect, by prohibiting State liability for prejudgment interest in tort cases where similarly situated individual litigants would be liable for it. By virtue of its attention to the specific issue of State liability for prejudgment interest, section 25A.4 is properly viewed as a special statute in this respect.

*Balster*, 360 N.W.2d at 790 (footnotes omitted).

Chapter 25A.8 provides:

The final judgment in any suit under this chapter shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the state or the employee of the state whose act or omission gave rise to the claim. However, this section shall not apply if the court rules that the claim is not permitted under this chapter.

In the State Tort Claims Act, it must be remembered, the State began from a position of complete immunity and waived that immunity on a limited basis by enacting the Act. *Speed v. Beurle*, 251 N.W.2d 217, 219 (Iowa 1977).

The State's immunity for torts of its employees was waived as to compensatory damages but not as to ... the collection of interest. The State made its waiver conditional upon the claimant foregoing personal actions against state employees. There is no reason to suppose the condition is coextensive with the waiver. If a claimant does not wish to accept the limitations and conditions of the State's immunity waiver he can sue the employees personally *rather* than proceeding under the state tort claims act. The waiver of immunity has not decreased a claimant's rights. It has

added the option of proceeding under the state tort claims act.

*Id.* Consequently, in electing to sue the State, plaintiff must forego his claim for interest against Snyder.

■ Plaintiff's last claim is if this court finds Iowa Code chapter 25A precludes prejudgment interest from being assessed against both the State of Iowa and the tortfeasor, then section 25A.4 is unconstitutional because it violates the Equal Protection Clause of the fourteenth amendment of the United States Constitution and article I, section VI, of the Iowa State Constitution. Plaintiff contends a constitutional right to equal protection guarantees all people will be treated similarly under like circumstances and the application of section 25A.4 to prevent him from receiving prejudgment interest, as compared to other tort victims, is discriminatory.

Equal protection is not denied simply because some inequality exists in practice. *State v. Haines*, 360 N.W.2d 791, 795 (Iowa 1985). What plaintiff's argument ignores is he was not barred from obtaining prejudgment interest from Snyder had he sued only Snyder. Therefore, his argument must fail.

We affirm the trial court order striking prejudgment interest. We affirm on both appeals. Appellate costs are taxed one-half to each party.

AFFIRMED.