Teresa L. STRONG, Plaintiff–Appellant,

v.

Patrick M. ROTHAMEL,
Defendant–Appellee.

No. 93–0181.

Court of Appeals of Iowa.

Aug. 25, 1994.

Don M. Peterson, Council Bluffs, for appellant.

Philip Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by HAYDEN, P.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

The questions raised in this appeal deal with whether the trial court correctly imposed a settlement agreement on plaintiff-appellant Teresa L. Strong. Plaintiff contends the trial court erred in: (1) denying her request to testify as to her recollections for purpose of making a record under Iowa Rule of Appellate Procedure 10(c); and (2) forcing the settlement where there was insufficient evidence she had accepted the settlement. We affirm.

Plaintiff brought suit against defendant-appellee Patrick M. Rothamel for injuries she sustained in an automobile accident. Plaintiff was represented in the proceedings by attorney Michael Murphy. Murphy made an agreement with defendant's attorney, Philip Willson, to settle the case for $10,000. Plaintiff refused to complete the settlement papers contending she had not authorized Murphy to settle the case.

Defendant filed a motion to enforce the settlement agreement. A hearing was held. Attorney Don M. Peterson represented plaintiff at the hearing. The district court ordered the settlement agreement be enforced. Plaintiff appealed.

The first issue we must address concerns settling what record is actually before us. The first hearing, the hearing on the motion to enforce the settlement agreement, was not reported. After plaintiff appealed, she filed a designation of the parts of the record to be included in the appendix. The designation included a letter plaintiff received from attorney Michael Murphy, a letter plaintiff wrote to Murphy, an affidavit of plaintiff as to her recollections concerning Murphy's representation, and an affidavit of plaintiff's father concerning a phone conversation he had with Murphy. Defendant objected to the inclusion of the letters and affidavits in the appellate record contending they were not a part of the record before the trial court when the judgment enforcing the settlement was entered.

The second hearing, the hearing to establish the record, was then held. The second hearing was reported. After this hearing, the trial court entered an order setting forth a statement of the evidence finding attorneys Willson and Murphy appeared and testified, the settlement had been consummated, and the current attorney for plaintiff, Peterson, said plaintiff had not agreed to the settlement. The trial court found at the first hearing no one asked to call plaintiff to testify to her recollections of the events surrounding the settlement.

At the second hearing, plaintiff sought to testify but objections to her testimony were sustained. No offer of proof of plaintiff's proposed testimony was made.

Plaintiff included the questioned letters and affidavits in the appendix and defendant moved to strike those items. The supreme

court ordered the motion to strike submitted with the appeal.

◼ The first question is whether the trial court was correct in denying plaintiff's request to testify at the second hearing, the hearing to establish the record.

Under the rules of appellate procedure, a party may seek to include unreported evidence or proceedings in the record on appeal by complying with Iowa Rule of Appellate Procedure 10(c) which provides, in applicable part:

> If no report of the evidence or proceedings at a hearing or trial was made, ... appellant may prepare a statement of the evidence or proceedings from the best available means, including his [or her] recollection.

◼ It is suggested, when settling such a record, the parties should be given an opportunity to give their own versions of what occurred and, if there is disagreement, to have them noted with the statement of the trial judge. *See State v. Rademacher,* 433 N.W.2d 754, 760 (Iowa 1988).

We agree with plaintiff that she should have had an opportunity to testify at the second hearing to her recollection of what transpired at the first hearing.

◼ But plaintiff has failed to preserve error. When the trial court refused to allow plaintiff to testify, plaintiff had the burden to demonstrate the substance of her proposed testimony by an offer of proof. Iowa R.Evid. 103(a)(2). An offer of proof serves both to give the trial court a more adequate basis for its evidentiary ruling and to make a record for appellate review. *See Parrish v. Denato,* 262 N.W.2d 281, 286 (Iowa 1978); Kermit L. Dunahoo & Tim A. Thomas, *Preservation of Error and Making The Record In The Iowa Criminal Trial and Appellate Processes,* 36 Drake L.Rev. 45, 51 (1986–1987). An offer of proof provides a record because the reviewing court cannot predicate error upon speculation as to what testimony would have come in the record had the objection not been sustained. *See Parrish,* 262 N.W.2d at 286. The burden of making an offer of proof to preserve error is on the party that urges the evidence should have been admitted. *See*

·*State v. Gartin,* 271 N.W.2d 902, 909 (Iowa 1978). Plaintiff here had the burden of making the offer. *See id.* Plaintiff failed to preserve error when an offer of proof was not made. *See Gartin,* 271 N.W.2d at 909–10; Kermit L. Dunahoo & Tim A. Thomas, *Preservation of Error And Making The Record in The Iowa Criminal Trial and Appellate Processes,* 36 Drake L.Rev. 45, 51 (1986–1987). Because no offer of proof was made, the record is not sufficient for us to address plaintiff's claimed error and we find it was not preserved on this issue. *See State v. LeCompte,* 327 N.W.2d 221, 224 (Iowa 1982).

◼ The next question is whether the letters and affidavits should be stricken from the appendix on defendant's motion. The challenged items were a portion of the statement of evidence plaintiff sought to make a part of the proceedings to establish the record. While the trial court did not approve them as a part of the record in the statement setting forth the evidence, they were introduced at the trial court level for that purpose. The trial court was clearly advised as to what plaintiff sought to include in her statement and it is clear from the record what happened. The letters and affidavits were before the trial court at the time of the second hearing, the one to establish the record. *See* Iowa R.Evid. 103(a)(2). The items, having been introduced and put before the trial court, were properly included in the appendix because one of plaintiff's issues was the trial court's refusal to make them a part of the record on appeal. We overrule the motion to strike them from the appendix.

◼ The next question is whether we should consider the letters and affidavits in addressing plaintiff's claim the trial court's findings in the first hearing were not supported by substantial evidence. The letters and affidavits will not be considered because we agree with the trial court, the letters and affidavits are not part of the record made at the first hearing, the one to enforce the settlement agreement. The trial court properly refused to include them in the statement of evidence. The documents, though correspondence and affidavits contradicting Murphy's recollection of the events concerning

the settlement, were not introduced as exhibits at the first hearing. Therefore, the letters and affidavits were not before the trial court when it ruled on the issue of whether the settlement agreement will be enforced and the letters and affidavits will not be considered by us in addressing plaintiff's challenge to the trial court's decision to enforce the settlement agreement.

■ The next question is whether defendant offered the necessary proof at the first hearing to support the trial court's decision plaintiff should be bound by the settlement.

The attorney for plaintiff and the attorney for defendant consummated the settlement. The question is whether plaintiff's attorney had authority from plaintiff to settle. Murphy, plaintiff's attorney at the time the agreement was consummated, said at the hearing on the motion to enforce the settlement that he had plaintiff's authority to settle the claim as he did. Plaintiff's second attorney, Peterson, advanced at that hearing Plaintiff did not authorize the settlement. Plaintiff advances the same argument on appeal.

■ District courts have authority to enforce settlement agreements. *Starlin v. State*, 450 N.W.2d 257, 258 (Iowa App.1989).

■ Murphy was hired to represent plaintiff on her claim against defendant. The making of a settlement offer is an act generally within the scope of authority of an attorney handling personal injury litigation for a client. *Id.* However, an attorney cannot settle or compromise a claim of his or her client without special authority. *Timmons v. Holmes*, 249 Iowa 888, 890, 89 N.W.2d 371, 372 (1958).

■ At the hearing to enforce the settlement, Murphy told the court plaintiff had agreed to the settlement. Plaintiff's new attorney denied she had. We review to correct error at law. The question is whether the trial court's factual finding plaintiff authorized the settlement is supported by substantial evidence. Findings of facts in a law action are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). A finding of fact is supported by substantial

evidence if the finding may be reasonably inferred from the evidence. In evaluating sufficiency of the evidence, we view it in its light most favorable to sustaining the court's judgment. We need only consider evidence favorable to the judgment, whether or not it was contradicted. *Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978).

■ Evidence is substantial or sufficient when a reasonable mind could accept it as adequate to reach the same findings. *Waukon Auto Supply v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). There is substantial evidence to support the trial court's finding plaintiff authorized the settlement.

**AFFIRMED.**