577 N.W.2d 866 (1998)
In re the MARRIAGE OF Todd A. WERSINGER and Mary T. Wersinger.
Upon the Petition of Todd A. WERSINGERE, Petitioner-Appellant,
v.
And Concerning Mary T. WERSINGER, Respondent-Appellee.
No. 97-0137.
Court of Appeals of Iowa.
February 25, 1998.
*867 Stuart G. Hoover of Naylor, Hoover & Blair, P.C., Dubuque, for appellant.
Mary M. Schumacher, Dubuque, for appellee.
Heard by CADY, C.J., and SACKETT and VOGEL, JJ.
SACKETT, Judge.
Petitioner-appellant Todd A. Wersigner appeals the trial court's refusal to modify the visitation provisions of his dissolution decree. We remand.
The marriage of Todd and respondent-appellee Mary Wersinger was dissolved in June 1995. The children, Kathleen born in 1992 and John born in 1994, were placed in Mary's physical care. Todd was not allowed visitation with Kathleen, who suffers from what the dissolution court found was defined as post-traumatic stress syndrome. The dissolution court concluded from Kathleen's symptoms "it appears that such trauma included sexual abuse and emotional abuse at a minimum and may have included physical abuse." The dissolution court further found Kathleen unwilling or unable to describe the trauma and identify the perpetrator but she was fearful of her father, though Todd denied any responsibility for abuse or trauma. The court went on to determine "the evidence presently available will not permit any conclusion other than [Todd] is at least one of the people responsible for the trauma."
The court provided for Todd to have supervised visitation with John, who is developmentally delayed.
Kathleen was being treated by Dr. Lowell Routley. The dissolution court ordered Mary to continue Kathleen's treatment. The court found Routley had agreed to file a written report in September 1995 concerning treatment and address the visitation issue. The court did not schedule a hearing at that time but provided either party was free to request an evidentiary hearing if they wished. The court scheduled a hearing on Kathleen's treatment and the visitation issue for December 1995. In February 1996, Todd was allowed supervised visitation with Kathleen one hour per week.
In the hearing on Todd's request for change in visitation that resulted in the December 1996 order from which this appeal is taken, the court considered evidence of both Routley and Kathleen Chara. Chara had been the person to initially diagnose Kathleen's problem after Mary and Todd separated but before the dissolution hearing. Todd was concerned about Chara's conclusion and a second opinion supporting her diagnosis came from Routley. The two therapists were not associated at the time of their initial contacts with Kathleen, but by the time the original dissolution was tried they were associated and have remained associated.
In the order from which this appeal is taken, the district court found Kathleen's symptoms had "modified significantly" but her stress symptoms had not abated entirely. The court further found Todd had three visits with Kathleen and following these visits Kathleen "regressed in her recovery" both in Routley's observations and in Mary's observations. In its findings, the trial court relied entirely on the opinions of Chara and Routley and rejected challenges to the validity of their professional opinions.
There is a question of Todd's burden of proof. The question focuses on whether this was an issue reserved for determination in the original decree or whether this is a modification action. Trial courts are strongly discouraged from reserving issues in dissolutions. In re Marriage of Keith, 513 N.W.2d 769, 771 (Iowa App.1994); In re Marriage of Smith, 501 N.W.2d 558, 560 (Iowa App.1993). The unique nature of this disagreement and the dissolution court's concern for Kathleen's interests, the uncertainness of evidence on the issue of abuse, if any, and the need to explore the issue further made it impossible for the dissolution court to enter a final decree on the issue of Todd's visitation. This is a review of the visitation issue that could not be resolved in the original action.
*868 However, even if it were not, Todd has shown the required change of circumstances to modify the original decree. The burden to change a visitation provision in a decree is substantially less than to modify custody. In re Marriage of Jerome, 378 N.W.2d 302, 305 (Iowa App.1985). Our concern is to serve the interests of Kathleen and John.
Todd first contends the trial court incorrectly refused to admit evidence concerning original allegations of abuse when they were relevant to the hearing. We agree with Todd that because an application for modification of custody is tried in equity, we review de novo, and that he should not have been precluded from introducing evidence. However, without an offer of proof, there is nothing for us to review. See Strong v. Rothamel, 523 N.W.2d 597, 599 (Iowa App. 1994). We are unable on this record to determine what additional evidence could have been offered. Id.
We therefore are required to review de novo on the record before us Todd's claim that he should have visitation. Iowa R.App.P. 4; In re Marriage of Steenhoek, 305 N.W.2d 448, 452 (Iowa 1981). In doing so, we find sufficient evidence to support Todd's position the cause of Kathleen's problems has not been determined.
Todd contends because there is a question of bias on the part of Kathleen's current therapist, and because Kathleen has not exhibited the substantial improvement her therapists originally predicted, an unbiased therapist should evaluate Kathleen.
Todd contended and the opinion of his expert, Steven Sprengelmeyer, at the modification hearing was the problems Kathleen suffers could be the result of the dissolution and not sexual abuse. Sprengelmeyer further testified it could be Kathleen's therapy and the removal of Todd from Kathleen's life that are causing problems. Sprengelmeyer also said it was not professional for the same therapist who did the evaluation to treat the child. He advanced there is a conflict of interest in doing an evaluation and then providing treatment. Sprengelmeyer gave the opinion these factors challenge the unbiased nature of a therapist's report.
In this case where the evidence is so bare and decisions need to be made on the basis of therapists who advance having expertise in the area of the child's problems, the testimony of the therapists, particularly where there is substantial disagreement among them, must be looked at with serious scrutiny. If Todd has sexually abused his daughter, the restriction on visitation is justified, even though there are no criminal charges. If the conclusions reached by Routley and Chara are the result of false reporting and the therapy sessions are hurting rather than helping Kathleen, then the restrictions on Todd's visitation are not justified.
We recognize, in evaluating the expert testimony, Routley and Chara have a self-interest in recommending additional treatment as they are providing it. We further recognize Sprengelmeyer was retained by Todd. We do not doubt that all three experts believe in what they are saying. Yet, in assessing this testimony, we find all three advocates for their respective positions. All three have some expertise in this area. Yet, we are hampered in assessing their testimony by a lack of clear indicators or any direct evidence abuse occurred. Rather, the determination of abuse comes from inferences and is ambiguous.
It has been advanced that experts adopt an activist stance in testimony seeking to maneuver courts to a frame of mind that overestimates the likelihood child sexual abuse has occurred in cases where there are ambiguities or contradictions. Guyer & Horner, The Activist Expert in Custody Cases: A Challenge to Psychiatry, 6 Proceedings of the American Academy of Child & Adolescent Psychiatry 22 (1990). Our review of the testimony does not convince us the opinions rendered by Routley and Chara alone should serve as a basis to continue limitations on Todd's visitation.
Todd asks for another evaluation. We find an unbiased therapist should evaluate Kathleen based on the challenge to the bias of the opinions of the current therapists and Kathleen's failure to improve. The issue of Todd's visitation should be addressed after *869 this has been done. We remand for that purpose.
Todd contends his visitation with John should no longer be supervised. The current person supervising visitation concurs with this request. There is no evidence Todd has ever harmed John. The supervision was ordered because of concern for John's inability, due to his disability, to report abuse should it come from his father. We remand this issue to be considered after a different therapist has examined Kathleen.
We do not retain jurisdiction.
REMANDED.