STATE of Iowa, Plaintiff–Appellee,

v.

Robert TURK, Defendant–Appellant.

No. 97–2202.

Court of Appeals of Iowa.

March 31, 1999.

Don M. Peterson, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Richard Crowl, County Attorney, and

Andrew Dopheide, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and HUITINK and MAHAN, JJ.

SACKETT, C.J.

Defendant-appellant Robert Turk appeals following his convictions of interference with official acts and assaulting a peace officer. Defendant contends (1) there is not sufficient evidence to support the convictions; (2) the associate district court should have granted his motion for new trial; and (3) the associate district court abused its discretion in fining defendant. We affirm.

Defendant and his wife, Jacqueline, were customers at the Bluffs Run Casino on May 16, 1997. A security officer testified he felt the Turks were intoxicated and told them they could have a free cab ride home or submit to a breath test. The couple said they wanted to continue playing the slot machines. The security officer called the manager of security. The manager called the police.

Two Council Bluffs police officers arrived and witnessed a conversation between the couple and the casino manager. One of the officers, Robert Sellers, took Jacqueline's drink. Defendant said Jacqueline wanted the drink returned. Officer Sellers allegedly told defendant to step back or he would be arrested. Sellers subsequently threw the drink away. Sellers then contended defendant shoved him. The officers immediately threw defendant to the floor and handcuffed him. Defendant struggled against their efforts.

Defendant was charged with assaulting Sellers, a person known to him to be a police officer, and knowingly resisting or obstructing a police officer in the performance of his duties. The case was tried in the associate district court. A surveillance videotape was admitted into evidence and played in slow motion showing, in black and white and primarily without sound, the incident that formed the basis of the charge. The court made specific findings as to the witnesses' testimony. The only specific finding the associate district court made as to the videotape was, "[I]t does not appear to the Court that any portion of the videotape was edited out." The associate district court found defendant guilty of both charges. Defendant was sentenced to serve two consecutive thirty-day terms which were suspended for one year during which time defendant was placed on unsupervised probation, and fined $1500 on each charge, plus a thirty percent surcharge and court costs, with the fine on one charge suspended.

■ We first review defendant's challenge to the sufficiency of evidence to support each charge. The State contends error was not preserved because no motion for acquittal was made. We disagree. When a criminal charge is tried to the district court, a defendant may challenge the sufficiency of the evidence even if a motion for judgment of acquittal was not filed. *See State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997).

Defendant contends there was not sufficient evidence to support the convictions. He challenges the associate district court's finding that concluded only "the State has proven the elements" of interference with official acts without finding the law the officers were enforcing. He further advances the videotape shows he and his wife were not intoxicated and the security officers wrongfully detained them because they were not "visibly intoxicated" as proscribed in Iowa Gaming and Racing Commission rule 491–26.10(2)(a).[1] Defendant also contends he assaulted no one; rather,

---

1. Iowa Administrative Code section 491–26.10(2)(a) provides as follows:

   **26.10(2)** *Activities prohibited.* The licensee is expressly prohibited from the following activities:

   *a.* Permitting persons who are visibly intoxicated to participate in gaming activity.

   Iowa Admin. Code r. 491–26.10(2)(a) (1994).

one officer pushed him and he retreated backwards into the other. Defendant argues the associate district court should have made specific findings as to what the videotape shows and found he acted in self-defense or with justification.

In evaluating sufficiency of the evidence, we view it in the light most favorable to sustaining the trial court's judgment. *Strong v. Rothamel*, 523 N.W.2d 597, 600 (Iowa App.1994). We need only consider evidence favorable to the judgment, whether or not it was contradicted. *Id.; Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978).

Evidence is substantial or sufficient when a reasonable mind could accept it as adequate to reach the same findings. *Strong*, 523 N.W.2d at 600; *Waukon Auto Supply v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988).

The testimony of the officers, though contradicted, is favorable to the judgment of the associate district court. Consequently, it is sufficient to support the judgment. *See Strong*, 523 N.W.2d at 600.

Defendant's position, in essence, is the videotape shows the police officers' version of events is not credible and, consequently, the officers' testimony does not support the associate district court's findings. The State contends the videotape corroborates its witnesses' testimony.

We viewed the videotape. We agree with defendant neither he nor his wife appeared intoxicated on the tape. Neither one was charged with public intoxication. We viewed carefully the portion of the tape showing the events the State contends support a finding of assault. Our viewing of the tape showed us defendant's contact with the officer occurred only after defendant was pushed by another officer. Consequently, our impression of the video-tape is that it most nearly supports defendant's version of events; that is, he was pushed backwards and his contact with the officer was a result of that push, not an assault on his part. The videotape further shows what is not disputed, that is, after the minimal contact between defendant and the other officer, both officers threw defendant face down to the floor, jumped on his back, and defendant struggled before he was cuffed.

The focal question is whether we should give heightened weight to what we believe we see on the videotape, that is, whether the videotape is the best and most reliable evidence so that the eyewitness testimony of the officers should be given little or no consideration and is not sufficient to support the verdict.

We recognize that a visual image is more likely to have an impact on a fact finder than eyewitness testimony. In *United States v. Martin*, 746 F.2d 964 (3rd Cir.1984), the court, discussing the evidentiary value of a videotape, said,

> The hackneyed expression "one picture is worth a thousand words" fails to convey adequately the comparison between the impact of the televised portrayal of actual events upon the viewer of the videotape and that of the spoken or written word upon the listener or reader. . . . Eyewitness testimony is often dramatic and convincing, but its effectiveness and convincing power are almost negligible in comparison with a film or videotape of actual events.

*Id.* at 971–72.

We recognize there may be situations where a videotape may trump all other evidence or be the only evidence that can legitimately support a fact finding. We do not find that to be the case here. We do not make a de novo review. The associate district court judge was charged with determining the credibility of the evidence. He, as did we, viewed the videotape. Yet, we did not hear and see the witnesses testify. The associate district court judge

did, and he accepted the police officer's testimony that defendant assaulted him.

The portion of the videotape that portrayed the events that formed the basis of the charge had no audio. The events that formed the basis of the charge happened in an extremely short time frame. The tape is in black and white. It was a surveillance tape and, as such, did not as clearly portray the events as could some videotapes.

We give the videotape in this case no heightened weight. Rather, we consider it as we do the other evidence. There is substantial evidence, though contradicted, to support the fact finding of the associate district court. We affirm the assault charge.

■ Defendant next contends there is not substantial evidence he interfered with official acts on the part of the officers. A person commits the crime of interference with official acts when he or she knowingly resists or obstructs anyone known by the person to be a peace officer in the performance of any act which is within the scope of the lawful duty or authority of that officer. *State v. Buchanan*, 549 N.W.2d 291, 293 (Iowa 1996); Iowa Code § 719.1(1) (1997). Interference occurs when the person is engaged in "actual opposition to the officer through the use of actual or constructive force making it reasonably necessary for the officer to use force to carry out his duty." *State v. Donner*, 243 N.W.2d 850, 854 (Iowa 1976).

The State advances defendant's struggle after the officers threw him to the floor and jumped on him to place cuffs on him was substantial evidence to support the interference charge. The officers advance at the time they told defendant he was under arrest and told him to put his hands behind his back.

The videotape shows defendant's struggle. Defendant contends he was acting in self-defense when he was confronted with the officers' excessive force in throwing him to the floor and jumping on him. Viewing the video, we seriously question the need for the force the officers exercised and do not in any way condone it. The officers testified after they told defendant he was under arrest he struggled. We must be true to our standard of review and find substantial evidence to support the charge.

Defendant challenges the sentence imposed. Defendant was sentenced to thirty days in jail and fined $1500 plus a thirty percent surcharge and court costs on each charge. The jail time on each charge was suspended, as was the fine on one charge, and defendant was put on unsupervised probation. Defendant contends the fine is excessive considering the circumstances of the case.

The fine and sentence do not exceed the statutory maximum; consequently, we will interfere with the sentence only if the court abused its discretion. Defendant has failed to show an abuse of discretion and we must affirm the sentence imposed. We find no merit to defendant's contention he should have had a new trial.

**AFFIRMED.**

HUITINK, J., concurs; MAHAN, J., specially concurs.

MAHAN, J. (concurring specially).

I concur specially. I agree with the final result in this case from a legal standpoint. However, from a common sense perspective, I have great concern about the exaggerated initial response by the security officers.