# IN THE COURT OF APPEALS OF IOWA

No. 22-0373
Filed November 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KEITH LAMONT WOODS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Nicholas L. Scott, District Associate Judge.

Keith Woods appeals his conviction for assault causing bodily injury. **AFFRIMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Keith Woods appeals his conviction for assault causing bodily injury. He argues that the district court abused its discretion in failing to allow cross-examination of two of the State's witnesses concerning a prior civil action and that the verdict was against the weight of the evidence. We conclude Woods did not preserve his evidentiary claim and the district court did not abuse its discretion in denying Woods's motion for a new trial. Accordingly, we affirm.

## I.       Background Facts and Prior Proceedings

From the evidence presented at trial a rational jury could find these facts. Andrew Miller, Jeffrey Booze, and Woods worked at a manufacturing company. Both Miller and Booze were second-shift supervisors. Booze was Woods's supervisor.

Booze encountered difficulties in his supervision of Woods. Woods was not always at his work station after he clocked in, he took long restroom breaks, and he watched kickboxing while at his desk. Woods's behaviors led to various interactions between himself and Booze. Booze classified Woods's behavior as insubordination. Woods previously complained to the company's human resource department that Booze followed him into the restroom.

On May 6, 2021, Booze went to the restroom prior to his break to wash his hands. Booze washed his hands in the sink, which was located directly across from the restroom stalls. As he finished washing his hands, Booze heard a voice from within one of the closed stalls state: "Following me into the bathroom again, huh?" Before Booze could respond, one of the bathroom stall doors flew open and slammed into the wall. Woods exited the stall and threw a drink at Booze.

Booze told Woods twice he needed to go home. Woods refused and then struck Booze in the face with his fist. Booze fell backward, hit the wall, and landed on his back on the floor. Woods then got on top of Booze, grabbed his shirt, and began punching him repeatedly in the face. Woods yelled, "I'm going to fucking kill you." Booze yelled for help. Woods struck Booze in the face about fifteen to twenty times.

Miller, hearing the commotion, entered the restroom. He observed Woods sitting on top of Booze, his arm cocked as if ready to strike again. Booze, underneath Woods, had a bloodied face and had marks from blows to his cheekbone. The altercation stopped shortly after Miller entered the restroom. Woods eventually exited the workplace. He was terminated from his employment and a warrant issued for his arrest based on a charge of assault causing bodily injury.

At a pre-trial hearing, defense counsel advised the court of Woods's intent to question Miller and Booze about a civil case for impeachment purposes.[1] The court ruled that cross-examination concerning this civil case was impermissible. At trial, the State called three witnesses including Miller, Booze, and the investigating officer. Woods testified, asserting a self-defense argument. The jury found Woods guilty as charged. He filed a motion for a new trial, which the court denied. Woods now appeals.

---

[1] From our record, it does not appear that either Woods or Booze were a party to the civil lawsuit.

## II.     -Standard of Review

Rulings on motions for a new trial that assert a verdict is contrary to the weight of the evidence are reviewed for an abuse of discretion; however, rulings on a motion for a new trial are reviewed for errors at law when there is a claim that the district court failed to apply the proper standard in ruling on that motion. Iowa R. Crim. P. 2.24(2)(b)(6); *State v. Wickes*, 910 N.W.2d 554, 563–64 (Iowa 2018). As Woods does not claim the district court applied the wrong standard, we review Woods's claim under an abuse of discretion standard. And we also review a ruling excluding evidence as irrelevant for an abuse of discretion. *State v. Walker*, 935 N.W.2d 874, 877 (Iowa 2019).

## III.     Analysis

## A. Cross-examination About a Prior Civil Action

Woods claims that the court improperly excluded cross-examination of Miller and Booze about a prior civil action. The State contends Woods failed to preserve error on this claim. We agree. Because Woods argues that evidence was improperly excluded, it was necessary for him to make an offer of proof to preserve error. *See* Iowa R. Evid. 5.103(a)(2).

To preserve error when evidence is excluded, the party must "inform[ ] the court of its substance by an offer of proof, unless the substance was apparent from the context." *Id.* "An offer of proof provides a record because the reviewing court cannot predicate error upon speculation as to what testimony would have come in the record had the objection not been sustained." *Strong v. Rothamel*, 523 N.W.2d 597, 599 (Iowa Ct. App. 1994).

The court excluded testimony on the prior civil action, and Woods failed to make an offer of proof. Woods does not argue that the substance was apparent from the context, and we conclude it is not. Woods sought to cross-examine two of the State's witnesses on a civil lawsuit. From the record, what we know about the civil case is that it was "a lawsuit that was then pending by a former employee alleging discrimination and wrongful termination wherein Mr. Miller was named individually and has specific facts alleged against him."

The civil case was filed in September 2020. While it was pending at the time of the assault, it was dismissed with prejudice by the time of Woods's criminal trial. Woods asserted it would help the jury make credibility determinations, but it is not at all apparent what the substance of the evidence would be. We do not know the facts. We do not know the knowledge the witnesses have of the case. And we do not know what line of questioning Woods would pursue. We can only speculate on what might have been said. "Without an offer of proof, we can do no more than speculate about the substance of [the] proposed testimony." *State v. Lacey*, 968 N.W.2d 792, 806 (Iowa 2021). This is insufficient to preserve error. *See id.* We conclude Woods failed to preserve error on this issue.

**B. Motion for a New Trial**

Woods moved for new trial, contending that the jury's verdict was against the weight of the evidence.[2] "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence."

---

[2] Woods's motion for new trial raised three other grounds that are not a part of this appeal.

*State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). For there to be an abuse of discretion, the trial court must have "exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* In determining whether there was an abuse of discretion in a weight-of-the-evidence decision, the "appellate court is limited to examining the evidence produced at trial to determine whether the district court's determination that the evidence does or does not 'preponderate heavily against the verdict' is a clear and manifest abuse of discretion." *Id.* (quoting *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)). It is not our place to determine the credibility of witnesses or reweigh the evidence. *Id.*

When a verdict "is against the weight of the evidence, the trial court must grant a motion for new trial." *State v. Ellis*, 578 N.W.2d 655, 656 (Iowa 1998). Under the weight-of-the-evidence standard, the trial court should consider if "more credible evidence supports the verdict rendered than supports the alternative verdict." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016) (citation and internal quotations omitted). The weight-of-the-evidence standard allows the court to consider the credibility of witnesses, but it requires that the verdict be weighed against its alternative. *Id.* In ruling on the motion for new trial, the court, in part, stated:

> The evidence—I would classify it as overwhelming in this case. In my 17 years in the criminal justice system, there were probably more facts that garnered a conviction here than I've seen in a jury trial, so I don't find the verdict was against the weight of the evidence at all.

In analyzing Woods's weight-of-the-evidence claim, the trial court needed to consider whether more credible evidence supported the verdict. In other words,

did more credible evidence support the fact that Woods committed the assault causing bodily injury than the alternate theory—that he did not commit the assault. On our review of the record, including the witness testimony and exhibits, we conclude the district court did not abuse its discretion in denying the motion for a new trial.

## IV.    Conclusion

Having determined that error was not preserved on Woods's exclusion-of-evidence claim and that there was no abuse of discretion in the district court's denial of Woods's motion for a new trial, we affirm.

**AFFIRMED.**