STATE of Iowa, Appellee,

v.

Dennis Alan MARING, Jr., Appellant.

No. 00–0084.

Supreme Court of Iowa.

Nov. 16, 2000.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, John P. Sarcone, County Attorney, and Jeff Noble and Tom Webster, Assistant County Attorneys, for appellee.

PER CURIAM.

The defendant, Dennis Maring, Jr., was convicted of eluding a law enforcement vehicle, possession of burglary tools, and interference with official acts in violation of Iowa Code sections 321.279, 713.7, 719.1 (1999). He appeals only from his conviction for interference with official acts, challenging the sufficiency of the State's evidence to establish he was the driver of the vehicle involved in a high-speed chase. We affirm.

In the early morning hours of May 8, 1999, a state trooper pulled over a vehicle for failing to have taillights. The trooper walked toward the car, and when he was within five to eight feet of the driver, the vehicle drove away. Following a high-speed chase, the driver eventually jumped out of his car and fled on foot. The trooper yelled for the driver to stop, and the driver turned around briefly before continuing to flee. The trooper observed that the driver was a white male, approximately five-eight to six-foot tall, with dark-colored hair that was curly in the back. At trial the trooper testified the defendant matched the description of the driver he saw fleeing from the vehicle.

The vehicle was registered to the defendant, and the trooper found the defendant's wallet inside the car. The trooper visited the home of the defendant's mother and viewed a family photo. He picked out the defendant as the person who he believed had been driving the vehicle.

The defendant's vehicle was impounded, and approximately two weeks later, he contacted the trooper about having it released. The defendant met with the trooper and indicated he had not been driving the vehicle at the time of the chase. He claimed the car had earlier overheated, and he had left it in a parking lot with his keys and wallet inside. The trooper testified that during the chase the defendant's vehicle had been traveling seventy miles per hour, and it had not appeared to be overheating or having any mechanical problems.

We review challenges to the sufficiency of the evidence for errors at law. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). We uphold a finding of guilt if substantial evidence supports the verdict. *Id.* Substantial evidence is evidence upon which a rational finder of fact could find a defendant guilty beyond a reasonable

doubt. *Id.* We view the evidence in the light most favorable to the State but consider all of the evidence, not just that which supports the verdict. *State v. Jacobs,* 607 N.W.2d 679, 682 (Iowa 2000).[1]

■ There was sufficient evidence from which the jury could find beyond a reasonable doubt that the defendant was the driver of the vehicle. The vehicle was registered to him, his wallet was inside of it, and he matched the physical description of the individual the trooper saw fleeing from the car. The defendant's story about his car overheating and his earlier abandonment of it was implausible and the jury was free to disregard it. *See State v. Thornton,* 498 N.W.2d 670, 673 (Iowa 1993) (jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive). It is the function of the jury to sort out the evidence presented and place credibility where it belongs. *State v. Blair,* 347 N.W.2d 416, 420 (Iowa 1984).

Upon a review of the entire record, we find there was sufficient evidence to support a finding that the defendant was the driver of the vehicle. The defendant's conviction for interference with official acts is affirmed.

**AFFIRMED.**

---

1.  To the extent the decision in *State v. Turk,* 595 N.W.2d 819, 821 (Iowa App.1999), held that a reviewing court needs only to consider the evidence favorable to the judgment, that case is overruled. *See State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980) (holding reviewing court must consider all evidence when determining sufficiency of evidence).