STATE of Iowa, Appellee,

v.

Willie Earl WILLIAMS, Appellant.

No. 02–0026.

Supreme Court of Iowa.

Jan. 22, 2004.

Linda Del Gallo, State Appellate Defender, and Tricia A. Johnston, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Linda Myers–Fangman, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Willie Williams, appeals from his conviction of first-degree theft in violation of Iowa Code section 714.2(1) (2001). He contends that the district court erred in failing to grant his motion for judgment of acquittal and in failing to instruct the jury that theft by deception requires a specific intent to deceive. The court of appeals affirmed Williams' conviction. After reviewing the record and considering the arguments presented, we affirm the decision of the court of appeals and the judgment of the district court.

The facts viewed most favorably toward the State include the following. On Monday, June 6, 2001, Williams went to Community Motors, a car dealership in Cedar Falls. In the process of negotiating for the purchase of a 1998 Buick Riviera, he produced a letter written on the letterhead of a local law firm advising that he was about to receive a substantial sum of money as a personal-injury settlement. Williams stated that he would use this money to pay for the car. Williams also filled out a credit application in which he provided false information concerning his place of residence and listed as a place of employment a business where he had applied for work but had not been hired. He was in fact unemployed.

Subject to verifying Williams' credit information, the dealership agreed to sell him the automobile for approximately $20,000. A down payment of $7500 and proof of insurance was required. A securi-ty agreement was prepared for the benefit of a potential lender. When Williams indicated he would need about a week to secure the necessary cash, the dealership placed dealer plates on the automobile and agreed that Williams could drive the car until the following Monday, June 13. Williams agreed to return to the dealership at that time with the required down payment and proof of insurance.

The salesman later checked out Williams' information and determined that the attorney's letter was a fabrication. The law firm identified on the letterhead had not written the letter. That firm was representing Williams in a personal-injury action, but no settlement offers had been forthcoming at the time of the transaction with the dealership. It was also determined that Williams' statements concerning his residence and place of employment were false. When the owner of Community Motors was informed of these facts, he instructed the salesman to cancel the arrangement and obtain the return of the vehicle. The salesman was unable to locate Williams.

The car was not returned to the dealership on the following Monday as Williams had promised. On July 31 police located Williams and arrested him for theft of the vehicle. At this time, he refused to disclose the location of the car. Without his assistance, the car was discovered two months later in a garage in a Chicago suburb. It was damaged beyond repair. Williams was charged with first-degree theft in violation of Iowa Code section 714.2(1), a class "C" felony.

The State proceeded to trial on three theories: (1) that Williams took the car with intent to deprive the dealership of its property, (2) that he concealed the car in order to deprive the dealership of its secu-

rity interest, and (3) that he deprived the dealership of its property by deception as defined in Iowa Code section 702.2. Williams' arguments on appeal, as to both the sufficiency of the evidence and the challenged jury instructions, only relate to the theory involving theft by deception.

### I. Whether the State Presented Sufficient Evidence to Support a Guilty Verdict as to Theft by Deception.

■■■ A. *Scope of review.* Sufficiency-of-the-evidence claims are reviewed for errors at law. Iowa R.App. P. 6.4 (2001). A verdict will be upheld if there is substantial evidence in the record to support it. *State v. Hopkins,* 576 N.W.2d 374, 377 (Iowa 1998). Substantial evidence means evidence that "could convince a rational trier of fact that a defendant is guilty beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the State. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984).

■■■ At trial, the State must prove every element of the crime charged beyond a reasonable doubt. *State v. Gibbs,* 239 N.W.2d 866, 867 (Iowa 1976). The State's evidence must "raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *State v. Hamilton,* 309 N.W.2d 471, 479 (Iowa 1981).

■ B. *Evidence of deception.* Williams argues that the State presented insufficient evidence to support a finding that he intended to deceive Community Motors at the time of the transaction on Monday, June 6, 2001. He does not contend that the other theories of guilt should not have been submitted to the jury. We have recognized, however, if the instructions allow the jury to consider multiple theories of culpability, only some of which are supported by the evidence, and a general verdict of guilty is returned, a rever-

sal is required because "we have no way of determining which theory the jury accepted." *State v. Hogrefe,* 557 N.W.2d 871, 880–81 (Iowa 1996). Consequently, we must determine whether the evidence was sufficient to sustain guilt under the theory that Williams has elected to challenge.

Under Iowa Code section 714.1, theft is committed if a person

[o]btains the labor or services of another, or a transfer of possession, control, or ownership of the property of another, or the beneficial use of property of another, by deception.

The statutory definition of deception includes knowingly:

Creating or confirming another's belief or impression as to the existence or nonexistence of a fact or condition which is false and which the actor does not believe to be true.

OR

Promising payment, the delivery of goods, or other performance which the actor does not intend to perform or knows the actor will not be able to perform. Failure to perform, standing alone, is not evidence that the actor did not intend to perform.

Iowa Code § 702.9(1), (5).

In the present case, the jury was free to find from the evidence that Williams knowingly deceived the dealership by presenting a bogus letter indicating a source of payment for the car. It also could have found that there was a further act of deception on his part in giving information that he was employed when he was not. It is uncontroverted that he imparted this false information in an effort to gain possession of the Buick Riviera automobile. Obtaining possession of the car in that manner falls within the definition of theft set forth in section 714.1(3) and the defini-

tion of deception contained in section 702.9(1) and (5). The district court correctly denied Williams' motion for judgment of acquittal on the State's theory of theft by deception.

**II.  *Jury Instructions on Intent to Deceive.***

■ Williams argues that a significant element of the offense of theft by deception is a specific intent on the part of the actor to deceive. He urges that despite his objection the district court did not adequately convey that requirement to the jury in its instructions. The district court's instruction on the elements of theft by deception were as follows:

The State must prove all of the following elements . . . :

1. On or about the 6th day of June, 2001, the defendant did present statements and documents to Community Motors.

2. The defendant deceived Community Motors in one or more of the following ways:

   a. Creating or confirming another's belief or impression as to the existence or non-existence of a fact or condition which is false and which the actor does not believe to be true;

   b. Promising payment, which the actor does not intend to perform or knows the actor will not be able to perform. Failure to perform, standing alone, is not evidence that the actor did not intend to perform.

3. The defendant obtained transfer of possession or control from Community Motors.

The statutory definition of deception on which this instruction was based provides:

"*Deception*" consists of *knowingly* doing any of the following:

1. Creating or confirming another's belief or impression as to the existence or nonexistence of a fact or condition which is false and which the actor does not believe to be true.

. . . .

5. Promising payment, the delivery of goods, or other performance which the actor does not intend to perform or knows the actor will not be able to perform. Failure to perform, standing alone, is not evidence that the actor does not intend to perform.

Iowa Code § 702.9 (emphasis added).

In affirming Williams' conviction, the court of appeals classified the crime of theft by deception as not involving a specific intent to defraud. We cannot agree with that conclusion. The acts of knowing deception included in the statutory definition are in all material respects the equivalent of a specific intent to deceive. Consequently, we must decide whether the trial court's instruction adequately conveyed that requirement to the jury.

Preferably, subparagraphs *a* and *b* of paragraph 2 of the instruction should have been preceded by the word "knowingly." However, the failure to include that word in the instructions did not constitute reversible error in the present case. In considering subparagraph b of paragraph 2 of the instruction (which mirrors paragraph 5 of section 702.9), it appears impossible for the act of promising payment that the actor does not intend to perform to be accomplished in other than a knowing manner. Hypothetically, the type of deception described in subparagraph a of paragraph 2 of the instruction is conduct that could occur unknowingly. However, we are satisfied that there was no room for the jury to conclude that this was the situation with respect to defendant's conduct in the present case.

The acts of forging the letter promising a large cash payment and the representation that he was employed were matters that defendant had to know were false assertions. He also had to know that he was making those false assertions as part of an effort to obtain possession of an automobile. A failure to instruct that a criminal act must be knowingly done was held to be harmless error due to the context of the transaction in *State v. Blackford*, 335 N.W.2d 173, 178 (Iowa 1983). We conclude that the same is true with regard to the instruction given in the present case. We have considered all issues presented and conclude that the decision of the court of appeals and judgment of the district court should be affirmed.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**