# IN THE COURT OF APPEALS OF IOWA

No. 14-0829
Filed August 19, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MATTHEW ALLEN CURTIS DAVIS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.


　　　　Matthew Davis appeals his judgment and sentence for operating a motor

vehicle while "under the influence of an alcoholic beverage or drugs or a

combination of such substances," third offense. **REVERSED AND REMANDED.**



　　　　Shawn Smith of Shawn Smith, P.L.L.C., Ames, for appellant.

　　　　Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney

General, Cori Coleman, County Attorney, and Mary Conroy, Assistant County

Attorney, for appellee State.



　　　　Considered by Vaitheswaran, P.J., Doyle, J., and Sackett, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, P.J.**

The State charged Matthew Davis with operating a motor vehicle while "under the influence of an alcoholic beverage or drugs or a combination of such substances," third offense, in violation of Iowa Code section 321J.2(1)(a) (2013). A jury found Davis guilty. On appeal, Davis concedes there is sufficient evidence of alcohol intoxication but contends the evidence is insufficient "to support the theory of intoxication by controlled substance." Absent sufficient evidence under this theory and the jury's return of a general verdict, he argues reversal is required because the reviewing court has no way to determine which theory the jury accepted.[1]

A reasonable juror could have found the following facts. A Fort Dodge police sergeant was on routine patrol when he observed a vehicle stopped at a red light with its right turn signal on. The vehicle "caught [his] attention" because it proceeded through the intersection rather than turning right. The sergeant followed the vehicle and noticed it had no rear license plate. He activated his emergency lights. The driver, who turned out to be Davis, eventually pulled over but immediately "took off running."

Another officer apprehended Davis. A search of the vehicle revealed an open beer can and two unopened containers but no controlled substances or drug paraphernalia. A search of Davis similarly uncovered no contraband.

---

[1] At the close of the State's case, Davis moved for judgment of acquittal and objected to the inclusion of "language [in the jury instruction] regarding any drugs as an option, any reference or charge regarding illegal or controlled substances, drugs," arguing the evidence was insufficient to submit this theory to the jury. The district court denied Davis's motion and included the challenged language in the jury instruction.

Davis declined to speak to officers, refused to perform field sobriety tests, and did not provide any body specimens for testing.

Davis exhibited classic signs of alcohol intoxication—blood shot and watery eyes, a "prominent" smell of alcohol, and an unsteady gait. According to one of the officers, he also avoided eye contact, appeared to have dilated pupils, fidgeted (particularly in his legs), "twitch[ed]" in his head and hands, and had a "flushed" face. The officer who observed these mannerisms acknowledged certain signs could be indicative of nervousness. He also acknowledged that a video recording of Davis at the police station did a poor job of showing the fidgeting. Finally, he conceded he lacked the expertise to determine "what narcotics, aside from alcohol, do to the body and a person's system." Without a drug recognition expert to identify the signs of drug intoxication and without the discovery of drugs on Davis or in the vehicle, a reasonable juror viewing the video recording and considering the officers' testimony would have been required to engage in speculation to infer he was under the influence of drugs. *See State v. Schories*, 827 N.W.2d 659, 666 (Iowa 2013). We conclude there is insubstantial evidence to support a finding that Davis was "under the influence of . . . drugs or a combination of such substances." Iowa Code § 321J.2(1)(a); *State v. Hennings*, 791 N.W.2d 828, 832-33 (Iowa 2010) (reviewing sufficiency-of-the-evidence challenges for substantial evidence).

The only remaining question relates to the disposition. Citing Iowa opinions, Davis argues reversal is mandated. The State counters that under federal precedent, specifically *Griffin v. United States*, 502 U.S. 46, 59-60 (1992), "due process allows general verdicts to stand if one alternative enjoys substantial

evidence." In the State's view, "Iowa precedent has misapplied the rule for sufficiency challenges to an alternative of a general verdict."

Misapplied or not, Iowa opinions have repeatedly stated "if the [jury] instructions allow the jury to consider multiple theories of culpability, only some of which are supported by the evidence, and a general verdict of guilty is returned, a reversal is required because 'we have no way of determining which theory the jury accepted.'" *State v. Williams*, 674 N.W.2d 69, 71 (Iowa 2004) (citing *State v. Hogrefe*, 557 N.W.2d 871, 880-81 (Iowa 1996)); *see also Thorndike v. State*, 860 N.W.2d 316, 321 (Iowa 2015) (citing *Hogrefe* for this proposition); *State v. Nitcher*, 720 N.W.2d 547, 557 (Iowa 2006) (same). Based on this principle, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**