# IN THE COURT OF APPEALS OF IOWA

No. 16-1350
Filed January 10, 2018

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**JUAN CARLOS NINO HERNANDEZ,**
         Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        A defendant appeals his conviction for criminal mischief in the first degree.

**AFFIRMED.**


        James S. Nelsen of James Nelsen P.L.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge**

After hearing testimony that Juan Carlos Nino Hernandez rammed his red Chevy Silverado truck into a police Crown Victoria parked at a convenience store, a jury convicted him of criminal mischief in the first degree, in violation of Iowa Code sections 716.1 and 716.3 (2016).  On appeal, Nino Hernandez challenges the sufficiency of the State's proof that the cost of replacing, repairing, or restoring the patrol car exceeded $10,000.  He also contends his conviction violated due process because the language in section 716.3 is ambiguous and the rule of lenity requires the statute be construed in his favor.

Because Nino Hernandez did not assert a due process violation at the earliest opportunity or secure a district court ruling, the constitutional claim is not preserved for our review.  Because the State presented substantial evidence to prove the cost of repairing the patrol car would have been more than $29,000, we affirm his conviction for criminal mischief in the first degree.

I.      **Facts and Prior Proceedings**

Des Moines Police Sergeant Ronald Kouski had just stepped into QuikTrip for a hot dog when he "heard a loud screeching noise and then a loud collision." Kouski worked as a canine officer and his German Shepard partner was waiting in the 2009 Crown Victoria.  The officer looked out the store's front window and discovered a red pickup had struck his patrol car, pushing it across several parking spots into another customer's vehicle.

Sergeant Kouski confronted the pickup driver, later identified as Nino Hernandez, who "had some blood on his face and immediately put his hands up like in a boxing position" and started yelling and coming at the officer.  Nino

Hernandez pushed Sergeant Kouski. The officer "deployed [his] pepper spray" when Nino Hernandez ignored his commands to get on the ground. Kouski's canine was shaken up and had a noticeable limp for a few weeks after the crash.

The State filed a five-count trial information, charging Nino Hernandez with (1) criminal mischief in the first degree, a class "C" felony, for damage to the police car, and (2) criminal mischief in the third degree, an aggravated misdemeanor, for damage to a second car, as well as (3) assault on a peace officer, (4) interference with a police service dog, and (5) operating while intoxicated; the last three counts are serious misdemeanors. At trial, the district court entered judgment of acquittal on the third-degree criminal mischief count, finding the State failed to prove Nino Hernandez had specific intent to cause damage to the second vehicle. The jury found Nino Hernandez not guilty of interference with a police dog but returned guilty verdicts on first-degree criminal mischief, assault on a peace officer, and operating while intoxicated.

Nino Hernandez appeals only the felony conviction. At issue is the following statutory language: "Criminal mischief is criminal mischief in the first degree if . . . [t]he cost of replacing, repairing, or restoring the property that is damaged, defaced, altered, or destroyed is more than ten thousand dollars." Iowa Code § 716.3(1)(a).

## II.      Preservation of Error

Nino Hernandez packs several concepts into his issue statement:

THE DISTRICT COURT ERRED IN DENYING DEFENDANT'S MOTION FOR MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION IN ARREST OF JUDGMENT AND FAILING TO APPLY THE RULE OF LENITY WHERE THE STATUTE AS APPLIED IN THIS MATTER WAS VAGUE AND INSUFFICIENT PROOF WAS PRESENTED TO SUPPORT A CONVICTION IN VIOLATION OF NINO HERNANDEZ'S DUE PROCESS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 9 AND 10 OF THE IOWA CONSTITUTION

To the extent he is arguing Iowa Code section 716.3 is vague as applied to his situation, he did not preserve that claim in the district court. "[C]hallenges to the validity of a statute must be raised at the earliest opportunity in the progress of the case." *State v. Munz*, 355 N.W.2d 576, 584 (Iowa 1984) (noting issue should have been raised by pretrial motion). The minutes of testimony informed Nino Hernandez that the State expected to call Dave Palmer, a body shop technician for the city of Des Moines, to "explain his estimate to repair the police car, which exceeded $20,000." In addition, nine months before trial, the city of Des Moines submitted a victim's pecuniary damage statement, alleging the "value to replace or fix" the patrol car was $5025. But Nino Hernandez did not file a pretrial motion to dismiss to contend, as a matter of law, such a repair estimate could not support first-degree criminal mischief if the replacement value of the police car was less than $10,000. *See* Iowa R. Crim. P. 2.11(6)(a). Nor did he file a motion to adjudicate law points to obtain an interpretation of the statutory definition of "cost" in section 716.3. *See State v. Wilt*, 333 N.W.2d 457, 460-61 (Iowa 1983).

The defense did preview its statutory theory during Palmer's cross-examination. Palmer—who has more than thirty years of experience in auto body work—described the extensive damage to the police car rammed by Nino Hernandez. "It was hit really hard on the left side, both doors; buckled the roof; hit hard enough to buckle the quarter panel on the right rear side; dash was damaged; seat was damaged; hood was damaged; [and] fenders damaged." Palmer estimated the costs to repair the police car would have totaled more than $29,000.

During cross-examination, Palmer acknowledged the damaged "09 Crown Vic" had an odometer reading of 103,000 miles. Palmer testified he did not have information about the cost to replace the car, but he did not think it would be as high as $29,000. Defense counsel had the following exchange with Palmer:

> Q. But without knowing the actual value of the vehicle, and if it would be more expensive to replace the vehicle or repair the vehicle, we can't say that the damage to the vehicle was over $10,000; correct?
> A. Correct.

Palmer testified: "I know the damage is more than what the car is worth." Palmer also acknowledged the police department did not have the car fixed.

Outside the presence of the jury, the prosecutor made this record:

> During the cross-examination of one of our witnesses, David Palmer, [defense counsel] seems to be setting up an argument that the State has an obligation to prove both the repair cost and the replacement cost of the vehicle in order to establish the level of criminal mischief that this defendant's guilty of.

The prosecutor advised he had offered "to stipulate to the blue book value of the vehicle, which would be between $1,000 and $10,000, if the jury found that that is the number that they want to use, then it would end up being criminal mischief second instead of first." But Nino Hernandez declined to stipulate. The prosecutor

further asserted he had a witness ready to testify to the amount the police department spent to replace the car, but the prosecutor had not planned to call him because the statute allowed the State to prove either "the cost to repair *or* replace." The prosecutor complained: "This issue has only just now been brought to my attention."

Defense counsel responded: "[O]ur position is that they either have to prove that $29,000 was spent to repair this vehicle, and its actual damage, or the amount of the value of the vehicle which was destroyed." Counsel continued:

> My argument is, essentially, due process requires when it says replace, repair, or restore—and we are talking about levels of an offense—they have to prove beyond a reasonable doubt the lowest amount is above the level; otherwise, you are just talking about a nebulous number that they could pull out of the sky and have somebody testify it's $85,000 to repair this $300 vehicle.

The State rejected the notion that it had "the burden to prove both numbers in any criminal mischief case, so that the jury can pick the lowest one." The district court viewed the defense argument as addressing the sufficiency of the evidence and deferred resolution until the motion for judgment of acquittal. The district court did not rule on the constitutionality of the statute as applied to Nino Hernadez. Accordingly, that issue is not preserved for appellate review. *See State v. Webster*, 865 N.W.2d 223, 232 (Iowa 2015) (finding waiver when the district court did not rule on particular claim raised on appeal).

In his appellant's brief, Nino Hernandez claims he "preserved error by filing Post Trial Motions raising the issues and arguing on behalf of same." But contesting the constitutionality of section 716.3 as applied to him in posttrial

motions did not preserve error.[1]  *See id.* at 242; *see also State v. Ritchison*, 223 N.W.2d 207, 214 (Iowa 1974) ("It does not seem logical that a party can sit idly by for such a period, permit the State to introduce all its evidence and then for the first time at the conclusion of the evidence challenge the statute as constitutionally defective.  It cannot be said that this point was the earliest available opportunity in the progress of the case to make the challenge.").  Accordingly, we will not address the constitutional threads of the defense argument.

### III.     Standard of Review

The only issue properly before us is Nino Hernandez's challenge to the sufficiency of the evidence.  We review that claim for correction of legal error.  *See State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).  We will uphold the jury's verdict if it is supported by substantial evidence.  *Id.*  "Evidence is substantial when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt."  *Id.*  We view the evidence in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence."  *Id.* (citation omitted).

### IV.     Substantial Evidence Analysis

---

[1] The district court denied the "motion for new trial based on the plain language of the statute, which as both parties agree, it is read in the disjunctive."  The court explained section 716.3 allowed the State "to either prove up the cost of replacing, repairing, or restoring the vehicle" but does not require the State "to prove all three," nor does it require the State to "research each one of the alternatives [of] repairing, replacing, or restoring and determine which is the lesser value and charge that."  The court noted "the car never was actually repaired because the cost of repair was greater than the value of the vehicle" but decided it was "within the purview of the jury to determine" whether Palmer's estimate of the cost of repairs satisfied the State's burden of proof.

To elevate the degree of the criminal mischief, the State had the burden to establish the cost of replacing, repairing, or restoring the Crown Victoria intentionally damaged by Nino Hernandez. *See State v. Williams*, 674 N.W.2d 69, 71 (Iowa 2004) (reaffirming "the State must prove every element of the crime charged beyond a reasonable doubt"). The State opted to prove the cost of repairing the patrol car and did so by offering Palmer's testimony. He was an experienced mechanic and based his replacement costs on a resource called the Mitchell Collision Estimating Reference Guide, which he advised "probably every shop in the city uses." The defense did not question his credentials or the validity of his reference guide. The jury was entitled to rely on Palmer's expertise to conclude the cost of repairing the damaged patrol car exceeded the statutory threshold of $10,000.

In closing argument, defense counsel told the jury Palmer's estimate of the cost of repairing the patrol car did not satisfy the State's burden to prove "value." Counsel emphasized the city did not actually expend the amount estimated for the repairs. In rebuttal, the prosecutor asserted the criminal mischief was completed when Nino Hernandez crashed into the patrol car. The prosecutor argued subsequent actions by the victim would not change the amount of damage done on impact. "The crime was done. We don't look at the rest of it. The victim may later on, they may fix it or they may not fix it. That's up to them."

When deciding if the State presented substantial evidence to satisfy the $10,000 threshold, we do not interpret Iowa Code section 716.3 as requiring the

damaged property actually be repaired.[2]  The plain language of the statute does not require that "the cost of replacing, repairing or restoring the property" represent an amount already paid.  Instead the statute uses the present tense term "is" rather than the past tense term "was" to signal an estimate of the cost is sufficient.  Other jurisdictions have reached similar conclusions when construing their own criminal mischief statutes.  *See, e.g.*, *Crain v. Commonwealth*, 257 S.W.3d 924, 927 (Ky. 2008) (explaining Kentucky statute does not require actual repair by the victim nor does it depend on the actual cost borne by the victim); *People v. Fancher*, 984 N.Y.S.2d 174, 179 (N.Y. App. Div. 2014) (holding auto body shop owner's estimate of the cost of repairing a vandalized pickup truck was legally sufficient evidence the damage exceeded $250, even though the repairs were never performed); *Elomary v. State*, 796 S.W.2d 191, 193 (Tex. Crim. App. 1990) (noting "criminal mischief statute does not require that damaged property that can be repaired be actually repaired in order to establish the cost of the repair work").

On appeal, Nino Hernandez complains the State did not call a witness who testified to the actual cost of the replacement of the patrol car being greater than $10,000.    He cites *State v. Urbanek*, 177 N.W.2d 14, 16 (Iowa 1970), for the proposition that Iowa's general rule for compensating for repairs or replacement is "the fair and reasonable cost of replacement or repair, but not to exceed the value of the property immediately prior to the loss or damage."  *Urbanek* involved damages in a civil suit, not a prosecution for criminal mischief.    Under the

---

[2] Because we perceive no "grievous ambiguity" in this criminal statute, we need not invoke the rule of lenity.  *See State v. Velez*, 829 N.W.2d 572, 585 (Iowa 2013).

disjunctive construction of section 716.3, once the State offered substantial evidence of the cost of repairing the car, it was not required to offer a second option for establishing the level of offense.

Viewing the evidence in the light most favorable to the jury's verdict, we find substantial evidence to support the cost-to-repair element of criminal mischief in the first degree.

**AFFIRMED.**