# IN THE COURT OF APPEALS OF IOWA

No. 25-0092
Filed May 13, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Liena Idris Nyama,**
Defendant–Appellant.

Appeal from the Iowa District Court for Buena Vista County,
The Honorable Andrew Smith, Judge.

**AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

**SCHUMACHER, Judge.**

Liena Nyama appeals his conviction for rioting in violation of Iowa Code section 723.1 (2024), challenging the district court's ruling on his objection to the aiding-and-abetting jury instruction and asserting the evidence is insufficient to support the conviction. Upon review, we affirm.

## I.       Background Facts & Proceedings

In the early morning hours of July 9, 2024, a series of assaults occurred on Chloe Lane in Storm Lake. I.R. was driving near his residence when three men stepped into the roadway and stopped his vehicle. One man approached the driver's window and asked I.R. if he wanted to fight. When I.R. declined, one of the men struck him, and another threw liquid into his eyes. The men pulled I.R. from his vehicle and beat him.

I.R.'s relatives came outside after hearing the disturbance. A larger group of masked individuals surrounded I.R.'s car. One relative was struck in the face and knocked to the ground. One of the masked individuals produced a handgun and another relative struggled with the armed individual and was beaten by several others, mostly in his head and face area. As other family members came outside and yelled that they were calling the police, the group fled the area.

Surveillance videos from nearby residences showed a group walking away from a residence on Lily Court shortly before the initial confrontation and then returning toward that residence after the assaults. The Storm Lake Police Department responded, established a perimeter around the Lily Court residence, and, after several hours, ten occupants exited the home without incident. Nyama was among them.

Officers obtained a search warrant for the residence. They located two handguns concealed in the kitchen and I.R.'s wallet in one of the bedrooms. In another bedroom, officers found distinctive striped jeans that matched clothing worn by one individual involved in the attack, believed to be Nyama, captured in the surveillance footage. DNA testing identified Nyama as the major contributor to the DNA found on the jeans. Officers also observed that Nyama was wearing a white tank top with a red stain and that his shoes and socks had grass clippings on them.

During an interview with police, Nyama stated he had been asleep at the residence all night and had not gone outside. At trial, Nyama changed his story and said he went for a walk with others from the residence but returned when he saw a confrontation begin. He admitted his initial statements to police were untrue.

The State charged Nyama with participating in a riot, first-degree burglary, and three counts of willful injury. Following a jury trial, the jury found Nyama guilty of participating in a riot and acquitted him of the remaining charges. The district court sentenced Nyama to a five-year indeterminate term of incarceration.

Nyama raises two issues on appeal. First, he argues the evidence was insufficient to prove that Nyama participated in a riot either as a principal or under an aiding-and-abetting theory rather than being merely present. Second, closely tied to the first issue, he asserts the district court erred by submitting an aiding-and-abetting instruction when Nyama contends the evidence did not support that theory of liability.

## II. Standard of Review

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). In conducting this review, we consider whether the evidence, viewed in the light most favorable to the State, provides substantial support for the jury's guilty verdict. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). Evidence is substantial if it would persuade a rational fact finder of the defendant's guilt beyond a reasonable doubt. *Id.* "Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *Raper v. State*, 688 N.W.2d 29, 36 (Iowa 2004).

Additionally, we review challenges to jury instructions for correction of errors at law. *State v. Cooley*, 21 N.W.3d 137, 141 (Iowa 2025). A jury instruction is proper if it correctly states the law. *State v. Coleman*, 907 N.W.2d 124, 138 (Iowa 2018). "Errors in jury instructions merit reversal when prejudice results." *Id.* "Prejudice occurs . . . if jury instructions have misled the jury or if the district court materially misstates the law." *Id.* (cleaned up).

## III. Sufficiency of Evidence for Rioting

Nyama contends the evidence was insufficient to establish his identity as a participant in the riot, asserting he was merely present at the scene. We disagree. Substantial evidence links Nyama to active participation. Surveillance video shows Nyama walking with the group shortly before the initial confrontation while holding a beverage—the only beverage observed among the group. The victim testified that one of the assailants threw liquid into his eyes during the assault, allowing the jury to reasonably infer Nyama was the individual who did so. This testimony was further supplemented by

photo evidence taken by police upon arrest that a liquid beverage was splattered on the shirt of Nyama. Additional video footage placed Nyama near the scene after the assault alongside the victim's vehicle, contradicting his testimony that he left immediately after the first punch was thrown.

Nyama, at trial, also offered an alternative account of events, testifying that he left the area to look for a girl and then returned to the residence, where he immediately fell asleep despite police activity outside the home for approximately two hours. The jury was free to accept or reject this explanation in assessing Nyama's credibility and chose to convict him on the count of rioting specifically.[1] *State v. Maring*, 619 N.W.2d 393, 395 (Iowa 2000). And the jury could have considered Nyama's inconsistent stories with police as evidence supporting his convictions. *See State v. Cox*, 500 N.W.2d 23, 25 (Iowa 1993) ("A false story told by a defendant to explain or deny a material fact against him is by itself an indication of guilt and the false story is relevant to show that the defendant fabricated evidence to aid his defense."); *State v. Smith*, No. 07–1406, 2008 WL 3916768, at *3 (Iowa Ct. App. Aug. 27, 2008) ("A defendant's inconsistent statements are probative circumstantial evidence from which the jury may infer guilt.").

Viewed in the light most favorable to the verdict, the evidence permitted the jury to reasonably infer that Nyama joined the group and participated in the riot. The jury was entitled to rely on circumstantial evidence and draw reasonable inferences from the evidence, including the

---

[1] The jury acquitted Nyama on several of the charges originally brought by the State. Although Nyama argues that these acquittals support his claim of insufficient evidence, they demonstrate the opposite. The mixed verdict shows that the jury carefully evaluated the evidence on each charge and held the State to its burden of proof. Such discernment is what is expected when evidence is presented and weighed by a rational jury.

liquid stain on Nyama's shirt, surveillance footage placing him with the group before and after the assaults, the DNA evidence, and his admitted dishonesty during the police investigation. *See State v. Jones*, 967 N.W.2d 336, 342 (Iowa 2021). Taken together, Nyama's statements and the surrounding circumstances provided substantial evidence from which a rational juror could conclude he willingly participated in the riot. *See id.* Nyama's presence with the group both immediately before and after the offenses supports a reasonable inference that he was also a participant while the rioting was underway. *See Crawford*, 974 N.W.2d at 519.

Taken as a whole, the evidence supports a fair inference of guilt and amounts to more than mere suspicion, speculation, or conjecture. *See State v. DeWitt*, 811 N.W.2d 460, 475 (Iowa 2012). Substantial evidence supports the jury's verdict on the rioting charge.

## IV. Aiding-and-Abetting Instruction

Nyama next argues the district court erred in submitting an aiding-and-abetting instruction. Nyama does not argue that the law was misstated but only that it was unsupported by the evidence. Aiding and abetting is established when there is substantial evidence the accused "assented to or lent countenance and approval to the criminal act by either actively participating or encouraging it prior to or at the time of its commission." *State v. Hearn*, 797 N.W.2d 577, 580 (Iowa 2011) (citation omitted). We agree with the State that the instruction was supported by substantial evidence and that Nyama was not prejudiced by its submission.

The same evidence that permitted the jury to infer Nyama's participation in the riot also allowed the jury to reasonably conclude he aided and abetted the conduct of the other participants. *See State v. Williams*, 674 N.W.2d 69, 71 (Iowa 2004) (explaining that when alternative theories of

6

culpability are submitted to the jury and a general verdict is returned, each theory must be supported by substantial evidence). Substantial evidence supports the finding that Nyama actively participated in the riot. Under Iowa law, such participation is sufficient to establish aiding and abetting. *See State v. Shorter*, 893 N.W.2d 65, 71 (Iowa 2017). Thus, the evidence supporting Nyama's own involvement also supports an aiding-and-abetting theory and instruction.

Moreover, as the district court noted, the testimony of all three victims described either being surrounded or witnessing others being surrounded by members of the group. From this evidence, a reasonable juror could also conclude the collective conduct of the group, including Nyama's presence and participation, facilitated the myriad of offenses carried out by the group's individual members. At a minimum, the evidence was sufficient to submit the aiding-and-abetting instruction to the jury.

As Nyama concedes in his brief, we reach the question of prejudice only upon the finding of instructional error. *State v. Shorter*, 945 N.W.2d 1, 9 (Iowa 2020). Because the record contains substantial evidence supporting the aiding-and-abetting instruction, no instructional error occurred, and Nyama cannot establish that he was prejudiced by the submission of the instruction.

## V.    Conclusion

Substantial evidence supports a rational jury's finding that Nyama participated in the riot, either as a principal or under an aiding-and-abetting theory. The same evidence supporting the verdict also justified the district court's submission of the aiding-and-abetting instruction. The instruction was supported by the record, no instructional error occurred, and Nyama cannot demonstrate prejudice. Accordingly, Nyama's challenges to both the

sufficiency of the evidence and the jury instructions fail. We affirm his conviction.

**AFFIRMED.**